IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

JAMES M. RICHARDSON,      )
                    )
          Plaintiff,     )     C/A No. 3:05-750-CMC-JRM
                    )
       v.           )     **ORDER**
                    )
JERRY M. HOLMES, d/b/a ATLANTIC )
COAST HOME BUILDERS,     )
                    )
       Defendant.    )
_____)

Plaintiff filed this action against his employer alleging that he was terminated in violation of the Family Medical Leave Act, 29 U.S.C. § 26.01 *et seq.* ("FMLA").  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), DSC, the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial proceedings.

Defendant filed a motion to dismiss on April 27, 2005, asserting that dismissal was appropriate under Fed. R. Civ. P. 12(b)(1) and (6).  Pursuant to the referral, the motion was initially addressed by Magistrate Judge McCrorey who issued a Report and Recommendation ("Report") on October 13, 2005, recommending that this court grant Defendant's motion to dismiss.  The matter is presently before this court on Plaintiff's objections to the Report, filed November 13, 2005.

This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

The Report recommended that the motion to dismiss be granted both because Defendant had an insufficient number of employees during the relevant period to be an "employer" covered by the

FMLA and because Plaintiff had not been employed long enough to qualify as an "employee" subject to FMLA protections. Plaintiff challenges the first conclusion because he has not had discovery which might allow him to challenge Defendant's stated number of employees. As to the second conclusion, Plaintiff notes that the FMLA does not preclude an employer from providing more generous leave policies. *See* Objection at 1 (citing 29 U.S.C. § 2652(a) and 29 U.S.C.§ 2953). Based on these provisions, he argues that, "[t]o the extent Plaintiff's request for leave . . . exceeded the provisions of the FMLA, the response of his supervisor [telling him to take care of his family] was reasonably interpreted by Plaintiff as an employment benefit program which provided greater medical and family leave benefits than . . . under the FMLA." Objection at 2.

Plaintiff's arguments, as set out above, fail to challenge the critical conclusion that he was not an "employee" protected by the FMLA at the relevant times. Thus, Plaintiff provides no basis for rejecting the recommendation that the FMLA claim be dismissed because Plaintiff is not a covered employee. At most, Plaintiff's argument suggests that he might intend to assert a state law claim.[1] Under these circumstances, Defendant's status as a covered "employer" is irrelevant.

Accordingly, the Report and Recommendation of the Magistrate Judge is adopted to the extent it rests on Plaintiff' failure to qualify as an eligible employee and incorporated to that extent.

IT IS HEREBY ORDERED that the Defendant's motion to dismiss be GRANTED and that this case be dismissed with prejudice to the extent it seeks to assert a claim under the Family Medical

---

[1] No such claim is asserted in the complaint. Neither has Plaintiff sought to amend the complaint to add a state law claim. Even were Plaintiff to move to amend in this regard, the court would not be inclined to allow the amendment because there does not appear to be any independent basis for subject matter jurisdiction.

2

Leave Act.  The case is, however, dismissed without prejudice to the extent Plaintiff may seek to

assert a state law claim.

      **IT IS SO ORDERED**.

                        s/  Cameron McGowan Currie
                        CAMERON MCGOWAN CURRIE
                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 16, 2005

C:\temp\notesB0AA3C\05-750 Richardson v Homles-FMLA-Adopt R&R over Obj.wpd

3